IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY RAY GLOVER,

        Petitioner,

    v.

BRAD CAIN,

        Respondent.

Case No. 2:16-cv-02089-MO

OPINION AND ORDER

Larry Ray Glover
17444698
c/o Transition Center
555 Monroe Ave
Corvallis, or 97330

       Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the execution of his 2010 state-court sentence. Because petitioner has not exhausted his state court remedies, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

On July 9, 2010, petitioner signed a plea petition in Benton County in which he pleaded guilty to Attempted Rape in the First Degree, Delivery of Methamphetamine to a Minor, and Rape in the Third Degree. Respondent's Exhibit 103. Consistent with the terms of the plea petition, the Benton County Circuit Court sentenced petitioner to 40 months on the Rape I charge, 52 consecutive months on the methamphetamine charge, and 24 concurrent months on the Rape III charge. The plea petition provided that petitioner was eligible for good-time credit as to the methamphetamine and Rape III convictions only, and specifically stated that he would be eligible for a good-time credit reduction on his methamphetamine (hereinafter "Count Three") sentence of up to 30%. *Id* at 2.

Petitioner did not file a direct appeal, nor did he file for post-conviction relief. However, in July 2015 and August 2016, petitioner filed two motions with the Benton County Circuit Court seeking to correct his sentence. He contended that prison authorities had capped the good-time credit sentencing reduction on his Count Three sentence at 20%, not 30% as contemplated by the plea petition. Respondent's Exhibits 104 & 105. The Benton

County Circuit Court ultimately denied petitioner's request to adjust his sentence, "noting that there is no basis for the Court to 'correct' this judgment." Respondent's Exhibit 106.

Petitioner next pursued the issue in the context of a prison grievance. Respondent's Exhibit 108. Prison authorities denied the grievance, noting that the maximum allowable reduction was 20% "due to [petitioner's] age of being more than 3 years differen[t] that the minor listed in the charging documents." Respondent's Exhibit 110. Petitioner took two administrative appeals where prison officials acknowledged that the court had intended to provide for up to a 30% reduction as to Count Three. However, they concluded that a 30% reduction was inapplicable to him under the governing statutes and rules, reasoning that "plea agreements cannot override what the statutes allow." Respondent's Exhibit 117, p. 1; Respondent's Exhibit 113.

On October 27, 2016, petitioner filed this habeas corpus action wherein he alleges that respondent failed to correctly compute his sentence in accordance with the plea petition that contemplates a 30% reduction for good-time credit as to Count Three. Respondent asserts that petitioner fails to allege any issues of federal law, and he did not present any federal issues to the state courts so as to preserve them for federal habeas corpus review.[1]

///

---

[1] Although petitioner's supporting memorandum was due on September 29, 2017, petitioner has neither filed such a document nor communicated with the court in any way since updating his address on March 13, 2017. In this respect, petitioner fails to rebut the State's arguments.

## DISCUSSION

### I. Pleading Sufficiency

Petitioner's sole ground for relief provides as follows:

> **Ground One:** Incorrect sentence computation resulting in over incarceration of 5.2 months.

> **Supporting Facts:** Per plea agreement and sentencing order, supposed to receive 30% reduction of sentence of the 52 months incarceration, OISC is only calculating 20% reduction.

Petition (#2), p. 6.

Habeas corpus does not lie to correct errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Where petitioner's sole ground for relief does not allege the violation of any federal law, respondent argues that petitioner's ground for relief is not cognizable in this proceeding. It is true that petitioner does not invoke any federal basis for the sentence computation claim he raises. However, where petitioner is not represented by counsel in this case, the court liberally construes the claim to include the federal basis, if any, of a similar claim he might have fairly presented to Oregon's state courts.

### II. Exhaustion and Procedural Default

#### A. Standards

Respondent next argues that even if petitioner raises a federal claim in this proceeding, he failed to adequately

preserve it in the state courts. A federal habeas petitioner may generally only raise federal claims which he has sufficiently preserved in the state courts. In this respect, he must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present

the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.  Analysis**

A review of the record in this case reveals that petitioner twice motioned the Benton County Circuit Court to correct his sentence, but never appealed the denial of his motions to the Oregon Court of Appeals or the Oregon Supreme Court. Similarly, petitioner filed for administrative review of the computation of his sentence, but never challenged the resulting administrative denials in any state court proceeding. In this respect, petitioner never allowed the Oregon Supreme Court an opportunity to rule upon the propriety of the execution of his sentence. Petitioner therefore failed to exhaust his state court remedies as to the claim he argues here.

It is unclear whether petitioner has any judicial remedies still available to him in state court (such as a state habeas corpus proceeding),[2] thus the court does not find that he has procedurally defaulted his claim. Accordingly, the court dismisses the case for failure to exhaust, but not upon grounds of procedural default.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed without prejudice to petitioner's

---

[2]  O.R.S. 34.310 provides that a prisoner may file a state habeas corpus action through which he may obtain a release if his incarceration is illegal.

right to refile his case should he successfully exhaust his state court remedies so as to preserve a federal issue. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___1st___ day of November, 2017.

_____
Michael W. Mosman
United States District Judge